UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA TEAMSTERS HEALTH BENEFITS PLAN, TRUSTEES OF THE INDIANA TEAMSTERS PENSION FUND, TRUSTEES OF THE INDIANA TEAMSTERS DEFINED CONTRIBUTION FUND, TRUSTEES OF THE INDIANA TEAMSTERS SAFETY TRAINING AND EDUCATIONAL TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>INDY DIRT WERKS, LLC Clerk's Entry of Default entered 6/7/2024,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 1:24-cv-00524-JPH-KMB<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING AUDIT**

Plaintiffs, the trustees of several trust funds, allege that Defendant Indy Dirt Werks failed to pay required contributions. Dkt. 1. The clerk has entered default against Indy Dirt Werks "for failure to plead or otherwise defend this action." Dkt. 12. Plaintiffs have moved for "default judgment as to liability" and seek an audit to determine damages. Dkt. 13.

Under Federal Rule of Civil Procedure 55(b), a court may enter default judgment following a clerk's entry of default. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). To be entitled to default judgment, "the plaintiff still must establish his entitlement to the relief he seeks." *Id.* And "if an evidentiary hearing or other proceedings are necessary

1

in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered." *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 339–40 (7th Cir. 2004) (citing Fed. R. Civ. P. 55(b)(2)).

Here, Plaintiffs seek an audit of Defendant's records and a default judgment for damages in an amount to be determined after that audit is completed. Dkt. 14 at 5. The request for an audit is **GRANTED**. Defendant **shall, not later than 14 days from the date of this Order, submit to Plaintiffs true and correct reports of hours worked from July 2023 through the date reports are provided**. If Defendant fails to do so or if Plaintiffs, at their discretion, desire an audit, then Defendant **shall submit to an audit** as demanded by Plaintiffs, by contacting Plaintiffs' designated agent, in the manner and at the time and place designated by Plaintiffs, and furnishing copies of Defendant's books and records for the period of July 2023 to the date of the audit. Defendant shall provide Plaintiffs' auditor with the records, information, and responses as necessary for Plaintiffs to determine the amounts owed in unpaid contributions, liquidated damages, and interest.

The motion for default judgment, dkt. 13, remains pending because damages are not at this point "liquidated or capable of ascertainment from definite figures." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007); *see Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies*, 961 F.3d 942, 948 (7th Cir. 2020) (explaining that a "default judgment as to

liability" is "better characterized as an entry of default" when damages have not been determined).

**SO ORDERED.**

Date: 6/18/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Indy Dirt Werks, LLC
c/o Haneefah Muhammad – Registered Agent
2006 Martin Luther King Jr. St.
Indianapolis, IN 46202